UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia
Alexandria Division

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 7 |
| RICHARD MURRAY, | : | Case No: 16-10548 |
| | : | |
| Debtor | : | |

# MEMORANDUM OF LAW OF POINTS AND AUTHORITIES IN SUPPORT OFDEBTOR'S MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 13

Debtor, Richard Murray, by counsel, in support of his motion to convert chapter 7 case to chapter 13, cites the following points and authorities:

The Bankruptcy Code provides as follows:

The debtor may convert a case under this chapter to a case under chapter 11, 12 or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable. 11 U.S.C. Section 706 (a) (1994).

A debtor wishing to convert their case pursuant to section 706(a) must conform to the Bankruptcy Rule providing that "conversion . . . shall be on motion filed and served as required by Rule 9013." Federal Rule of Bankruptcy Procedure 1017 (f) (2).

Section 706 (a) has been construed to mean that an eligible debtor has an absolute right to convert to chapter 13 at any time. 6 Collier on Bankruptcy Section 706.02 [1] (Lawrence P. King et al., eds., 15th ed. Rev. 2000). The Collier editors explain the rationale of the statute is that "the debtor should always be given an opportunity to repay his debts." 6 Collier on Bankruptcy at Section 706.02 [2] (quoting S. Rep. No. 95-989, 95 th Cong. 2d Sess. 380). According to the Collier editors, the remedy for an inappropriate conversion is "a motion to reconvert the case for cause after notice to the debtor and a hearing." 6 Collier on Bankruptcy at Section 706.02 [1]

There is a line of cases that hold that the right to convert is absolute only in the absence of extreme circumstances. Extreme circumstances may involve egregious conduct on the part of the debtor. If the alleged conduct was insufficiently egregious, conversion will not be denied. In re Martin, 880 F.2d 857, 859 (5th Cir. 1989). There is no allegation of egregious conduct here. However, this line of cases represents the minority view. The majority view is that denying conversion from chapter 7 to 13 is against the clear wording of the statute. Bruce H. White, "Is a Debtor's Right to Convert Under Section 706 (A) Really Absolute?", 17 Am.

Bankr. Inst. L.J. 2829 (Feb. 1998).  For examples of courts following the majority view see <u>Street v. Lawson (In re Street)</u>, 55 B.R. 763, 765 (B.A.P. 9 Th Cir. 1985) (holding court has no discretion to deny debtor's right to convert); <u>Nelson v. Easley (In re Easley)</u>, 72 B.R. 948, 952 (Bankr. M.D. Tenn 1987)(stating debtor has an absolute right to convert if debtor is eligible and has not previously converted from another chapter); <u>In re Kleber</u>, 81 B.R. 726, 727 (Bankr. N.D. Ga. 1987)(holding that court has no discretion to disallow conversion); <u>In re Caldwell</u>, 67 B.R. 296, 300-301 (Bankr. E.D. Tenn. 1986) (ruling that unequivocal code language gives debtors an absolute right to convert); <u>In re Jennings</u>, 31 B.R. 378, 381 (Bankr. S.D. Ohio 1983) (reasoning that no limit on debtor's right to convert may be read into the Code). The court should not deny conversion from Chapter 7 to Chapter 13 especially considering that no lack of good faith has been shown, or any abuse of process. Here the Debtor's motive for converting to Chapter 13 is to pay his debts and not to escape debts. In the absence of any sort of egregious circumstances or any improper motive for the debtor converting from Chapter 7 to Chapter 13, the right of the debtor to convert the case should be considered as absolute and should be granted in accordance with the majority view of cases.

## CONCLUSION

Based upon the foregoing, Debtor's Motion to convert the case from Chapter 7 to Chapter 13 should be granted and Debtor should be granted the opportunity to put forth a Chapter 13 Plan and prays the Court grant such other and further relief as the Court deems equitable, appropriate and just.

Respectfully submitted,

RICHARD MURRAY

Dated: February 22, 2017

By: /s/ JOHN J.O'DONNELL JR.
JOHN J. O'DONNELL JR.
Counsel for Debtor
VSB # 16510
601 King Street
Alexandria, VA 22314
Telephone: (703) 549-2082
Facsimile: (703) 739-1336
Email: Jjolaw@aol.com

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing to be filed electronically, using the CM/ECF system, and mailed, postage prepaid, to the Office of the US Trustee, 115 South Union Street, Suite 206, Alexandria, Virginia 22314, and to Janet M. Meilburger, 1493 Chain Bridge Road, Suite 201, McLean, Virginia, 22101, and to all creditors and parties, this 22nd day of February, 2017.

/s/JOHN J.O'DONNELL JR
John J. O'Donnell Jr., Esquire