UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **In the Matter of:** | : | |
| | : | **Chapter 7** |
| **RICHARD MURRAY,** | : | |
| | : | **Case No. 16-10548-BFK** |
| Debtor. | : | |
| | : | |
| **KLINETTE H. KINDRED, TRUSTEE,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Adv. Proc. 16-01074-BFK** |
| | : | |
| **RICHARD MURRAY, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| **KLINETTE H. KINDRED, TRUSTEE,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Adv. Proc. 16-01183-BFK** |
| | : | |
| **RICHARD MURRAY, et al.,** | : | |
| | : | |
| Defendants. | : | |

### ORDER APPROVING SETTLEMENT
### AND COMPROMISE PURSUANT TO RULE 9019
### OF THE FED. RULES OF BANKR. PROCEDURE

THIS MATTER having come before the Court on the motion of the Chapter 7 Trustee, Janet M. Meiburger, by counsel, seeking approval of a compromise and settlement reached with the Debtor Richard Murray ("Murray" or the "Debtor") and Joyce D'Avanzo ("D'Avanzo") pursuant to Rule 9019 of the Fed. Rules of Bankr. Procedure (the "9019 Motion"),

AND IT APPEARING that the Debtor, Richard Murray ("Murray" or "Debtor"), filed a voluntary petition filed under Chapter 7 of the Bankruptcy Code in this Court on or about February

18, 2016 (the "Chapter 7 Case") and that Klinette H. Kindred was initially appointed as the interim Chapter 7 trustee; and that effective January 24, 2017, Ms. Kindred resigned and Janet M. Meiburger was appointed as Chapter 7 Trustee ("Trustee") and continues to serve in that capacity;

AND IT FURTHER APPEARING that the Trustee has filed two adversary proceedings as follows:

1. <u>Meiburger, Trustee v. Murray</u>, Adv. Proc. #16-01074-BFK (the "544 Case")[1] seeking to recover a transfer of real property made from the Debtor to the Debtor and his wife D'Avanzo as tenants by the entirety; and

2. <u>Meiburger, Trustee v. Murray</u>, Adv. Proc. #16-01183-BFK (the "727 Case") seeking both a denial of Murray's discharge and the turnover of property of the estate improperly withheld by Murray;

AND IT FURTHER APPEARING that the parties have agreed to fully settle all claims and disputes made or related to the Chapter 7 case, the 544 Case and the 727 Case pursuant to the terms of a fully executed Settlement Agreement ("Settlement Agreement") setting forth the terms and conditions of proposed settlement and compromise of claims and controversies, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference;

AND IT FURTHER APPEARING that good cause exists to grant the Trustee's 9019 Motion and further approving the Settlement Agreement and all terms and conditions set forth therein, that the Settlement Agreement attached hereto constitutes a fair and reasonable settlement of the claims asserted in the Chapter 7 case, the 544 Case and the 727 Case, and that settlement is in the best interests of the creditors of this estate and should be approved by this Court; then it is hereby

---

[1] All adversary proceedings were initially filed in the name of "Klinette Kindred, Trustee v. Richard Murray" but are amended herein to reflect the current identity of the successor Chapter 7 Trustee.

ORDERED, that the 9019 Motion filed by the Trustee herein is hereby approved and the Settlement Agreement attached hereto is approved in all respects,

AND IT IS FURTHER ORDERED, that the Clerk of this Court shall docket this order in each of the Chapter 7 Case, the 544 Case and the 727 Case.

Date: _____, 2017

May 1 2017

/s/ Brian F. Kenney

_____
**Hon. Brian F. Kenney**
**United States Bankruptcy Judge**

I Ask For this:

Entered on Docket:May 2 2017

  /s/ Kevin M. O'Donnell
**Kevin M. O'Donnell, VSB #30086**
**HENRY & O'DONNELL, P.C.**
300 N. Washington Street
Suite 204
Alexandria, VA 22314
(703) 548-2100 *telephone*
(703) 548-2105 *facsimile*
kmo@henrylaw.com
Counsel to Janet M. Meiburger, Trustee

Seen and Agreed:


 /s/ John J. O'Donnell
**John J. O'Donnell, Jr.**
601 King Street
Suite 400
Alexandria, VA 22314
(703) 549-2082
jjolaw@aol.com
Counsel to Richard Murray and Joyce D'Avanzo

# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made as of the ___ day of March, 2017, by and among JANET M. MEIBURGER, TRUSTEE ("Trustee"), RICHARD MURRAY ("Murray") and JOYCE D'AVANZO ("D' Avanzo"). The Trustee, Murray and D' Avanzo shall be referred to collectively hereinafter as the "Parties."

### RECITALS

WHEREAS, Murray filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in the U.S. Bankruptcy Court for the Eastern District of Virginia, Alexandria Division ("Bankruptcy Court") on or about February 18, 2016, and that Klinette H. Kindred was initially appointed as the interim Chapter 7 trustee; and

WHEREAS, effective January 24, 2017, Ms. Kindred resigned and Janet M. Meiburger was appointed as Chapter 7 Trustee ("Trustee") and continues to serve in that capacity; and

WHEREAS, the Trustee currently has an adversary proceeding pending in the Bankruptcy Court against Murray and D'Avanzo which was filed on or about May 4, 2016 in the matter of Meiburger, Trustee v. Murray, et al., Adv. Proc. #16-01074-BFK (the "544 Proceeding"), and under which the Trustee has sought to recover a transfer of real property made from Murray to Murray and D'Avanzo, his wife, as tenants by the entirety; and

WHEREAS, the Trustee additionally has an adversary proceeding pending in the Bankruptcy Court against Murray which was filed on or about September 14, 2016 in the matter of Meiburger, Trustee v. Murray, Adv. Proc. #16-01183-BFK (the "727 Proceeding") and under which the Trustee is seeking both a denial of Murray's Chapter 7 discharge and the turnover of property of the estate alleged to have been improperly withheld by Murray; and

WHEREAS, the Parties desire to compromise, settle and resolve all claims and disputes arising in, related to, or raised in the Chapter 7 Case, the 544 Proceeding and the 727 Proceeding, and to provide for the payment of claims and expenses allowed in the Chapter 7 Case herein;

NOW, THEREFORE, in consideration of the mutual promises contained herein and other consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Disposition of 1727 Dogwood Drive, Alexandria, Virginia.</u> The parties each and all agree and consent that that certain real property located at 1727 Dogwood Drive, Alexandria, Virginia (the "Property") is property of the estate in the Chapter 7 Case, and for the purposes of administration of the Chapter 7 Case, is deemed to be the sole and individual property of Murray free and clear of any interests or claims of D'Avanzo. Subject to the provisions of this Settlement Agreement, the Parties agree and acknowledge that the Property is subject to the administration of Murray's bankruptcy estate by the Trustee herein. Each and all of the Parties agree and expressly consent to the sale of the Property and surrender of proceeds from sale as necessary to make payment of claims and expenses of the Chapter 7 Case as identified herein. Sale of the Property shall be accomplished as follows:

    a. Murray and D'Avanzo shall have the power to market and sell the Property, provided that, they effect and complete a sale of the Property on or before September 1, 2017. Should Murray and D'Avanzo have, as of September 1, 2017, a fully ratified contract for sale of the Property supported by an earnest money deposit, then they shall have an additional thirty (30) days thereafter to effect and complete a closing of such contract.

    b. If the Property is not sold on or before September 1, 2017, or if a ratified contract is then in place and is not closed within thirty (30) days thereafter, then, the rights, powers and interests of Murray and D'Avanzo as to the marketing and sale of the Property shall

thereafter terminate and the Trustee shall be immediately entitled to administer the Property including the exclusive right to market and sell the Property.

       c.      Upon closing under any sale of the Property, all net proceeds from sale shall be paid, in full, to the Trustee for the purposes of payment of claims and expenses of the Chapter 7 Case and estate. For the purposes of this Settlement Agreement, net proceeds from sale of the Property shall be deemed to be the gross sales price, less all reasonable closing costs, payoff of the first trust loan held by Regents Mortgage Company and payoff of the second trust loan made by Burke and Herbert Bank and Trust Company. Upon receipt of the net sales proceeds, the Trustee shall thereafter determine and retain i) the amount necessary to make payment in full of all allowed claims in the Chapter 7 Case, ii) the amount necessary to make payment in full of all administrative expenses applicable to the Chapter 7 Case, and iii) a reserve of not more than $7,500.00 to account for any unforeseen or additional costs attributable to the administration of the Chapter 7 Case. The balance of net sales proceeds shall be refunded to Murray. Upon the approval of the Trustee's final report and account filed in the Chapter 7 Case, any funds remaining after payment of claims and expenses, in full, shall additionally be refunded to Murray.

       2.      <u>Pledge of No Further Encumbrances</u>. Murray and D'Avanzo agree and consent as part of this Settlement Agreement that they will not act to incur any further indebtedness secured by the Property, and will incur no further encumbrances upon the Property other than those disclosed by Murray in the bankruptcy schedules filed in the Chapter 7 Case. Specifically, and without limitation, Murray and D'Avanzo agree and consent that they have not acted since the petition date, and will not act hereafter, to make any additional draws or to increase the principal amount of the credit line loan outstanding to Burke and Herbert Bank and Trust Company which is currently secured by a second deed of trust against the Property.

3.	<u>Stay of Adversary Proceedings</u>. The Parties agree and consent that the 544 Proceeding and the 727 Proceeding shall be stayed pending the completion of sale of the Property and turnover of net sales proceeds as otherwise required herein. Upon the completion of sale of the Property and the Trustee's receipt of net sales proceeds, then each of the 544 Proceeding and the 727 Proceeding shall be dismissed, with prejudice.

4.	<u>Release of Murray and D' Avanzo</u>. Upon sale of the Property and turnover of the net sales proceeds to the Trustee as required herein, the Trustee thereafter releases Murray and D' Avanzo from any further claims for recovery or turnover of any property or money in connection with the Trustee's administration of the Chapter 7 Case, provided that, Murray's duties as a Chapter 7 debtor are not abrogated and he shall continue to perform his duties as a Chapter 7 debtor pending the closing of the Chapter 7 Case.

5.	<u>Choice of Law</u>. This Settlement Agreement will be interpreted and enforced in accordance with the laws of Virginia and is subject to final approval of the Bankruptcy Court.

6.	<u>Entire Understanding/Construction of Agreement/Modification</u>. This Settlement Agreement contains the entire understanding between the Parties concerning the subjects it covers and it supersedes all prior negotiations, understandings or representations. The Parties acknowledge that this Settlement Agreement is a joint product, negotiated at arm's length and that all Parties have had the ability to consult with their counsel regarding the Settlement Agreement, and therefore the Settlement Agreement will not be construed against any party on the grounds of sole authorship. It may not be modified or supplemented except by a subsequent written agreement signed by the Parties.

7.	<u>Attorneys' Fees and Costs.</u> To the extent any party is required to seek or initiate legal action with respect to any alleged breach of this Settlement Agreement, the prevailing party in any such litigation shall be entitled to recovery of all costs and expenses incurred with respect

thereto, including, but not limited to, reasonable attorneys' fees incurred in connection with any such matter.

      8.    <u>Counterparts/Facsimile Signature</u>. This Settlement Agreement may be executed in counterparts that shall constitute one Settlement Agreement when executed by the Parties. A facsimile signature shall be as valid and binding as an original signature.

      IN WITNESS WHEREOF, the Parties have agreed and signed this Settlement Agreement on the dates set forth above.

_____
Janet M. Meiburger, Trustee

_____
Richard Murray

_____
Joyce D' Avanzo

8. <u>Counterparts/Facsimile Signature</u>. This Settlement Agreement may be executed in counterparts that shall constitute one Settlement Agreement when executed by the Parties. A facsimile signature shall be as valid and binding as an original signature.

IN WITNESS WHEREOF, the Parties have agreed and signed this Settlement Agreement on the dates set forth above.

_____
Janet M. Meiburger, Trustee

*/s/ Richard Murray*
_____
Richard Murray

*/s/ Joyce D'Avanzo*
_____
Joyce D'Avanzo