UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In the Matter of:** : | |
| : | Chapter 7 |
| **RICHARD MURRAY,** : | |
| : | Case No. **16-10548-BFK** |
| **Debtor.** : | |
| : | |

**MOTION TO APPROVE COMPROMISE OR SETTLEMENT PURSUANT
TO RULE 9019 OF THE FED. RULES OF BANKR. PROCEDURE**

COMES NOW, Janet M. Meiburger, Trustee ("Trustee"), by counsel, and files this Motion ("Motion") seeking approval of a compromise or settlement pursuant to Rule 9019 of the Fed. Rules of Bankr. Procedure, and in support of such Motion, states as follows:

1. This case is before this Court pursuant to pursuant to a voluntary petition filed under Chapter 7 of the Bankruptcy Code by Richard Murray ("Murray" or the "Debtor") on or about February 18, 2016. Thereafter, Klinette H. Kindred was appointed as the interim Chapter 7 trustee.

2. Effective January 24, 2017, Ms. Kindred resigned and Janet M. Meiburger was appointed as Chapter 7 Trustee ("Trustee") and continues to serve in that capacity.

3. The Trustee has filed a Motion herein seeking approval of this Court for sale of certain real property of the Debtor and/or this estate, with such sale to be made free and clear of certain liens and interests pursuant to 11 U.S.C. 363(f) (the "363 Motion"). Under the 363 Motion, the Trustee seeks approval of a proposed sale of certain real property owned by the Debtor and located at 1727 Dogwood Drive, Alexandria, Virginia (the "Property"). The Property was originally titled in the Debtor's sole name, and was transferred in 2013 to the Debtor and his wife as tenants by the entirety.

1

4. The Trustee has previously filed a Complaint against the Debtor on or about May 4, 2016 in the matter of <u>Meiburger, Trustee v. Murray</u>, Adv. Proc. #16-01074-BFK (the "544 Complaint")[1] seeking to recover the transfer of the Property as a fraudulent conveyance (the "544 Complaint"). The 544 Complaint was thereafter settled by execution of a Settlement Agreement which was approved by this Court by order entered on May 2, 2017 (Dkt. #151), and under which the Property was acknowledged as property of this bankruptcy estate and agreements reached with respect to the marketing and sale of the Property for the benefit of this estate.

5. The 363 Motion seeks approval of sale of the Property, free and clear of certain liens, interests and encumbrances. One such lien, interest or encumbrance is a series of three (3) 1998 judgments currently held by DEEK Investment Limited Partnership ("DEEK") as successor to Nationsbank. DEEK has obtained leave of this Court to file a late proof of claim and currently asserts a secured claim $127,399.27 (the "DEEK Claim").

6. The Trustee has asserted that there are potential objections to the filed claim(s) of DEEK. Notwithstanding the potential objections, the Trustee has reached agreement on terms of settlement and compromise of the DEEK Claim. The terms of settlement reached between the Trustee and DEEK are as follows:

   a. The DEEK Claim shall be allowed in the total amount of $127,399.27, with interest to accrue at the rates identified in the respective judgments from September 18, 2017. To the extent that DEEK is entitled to recovery of any attorneys' fees based upon the judgments underlying its claims, DEEK shall

---

[1] All adversary proceedings were initially filed in the name of "Klinette Kindred, Trustee v. Richard Murray" but were amended thereafter to reflect the current identity of the successor Chapter 7 Trustee.

2

be permitted to increase the amount stated above by the attorneys' fees so allowed.

b. Subject to the agreement with respect to payment in satisfaction of the secured claim(s), the full amount of the allowed DEEK Claim shall be deemed secured by an interest in the Property pursuant to the underlying judgment liens recorded and held by DEEK.

c. DEEK shall receive and shall accept, in full satisfaction of its secured claim(s) against the Property, payment in the amount of Ninety Thousand and no/100 Dollars ($90,000.00), with such payment to be made from the proceeds of sale of the Property promptly upon closing thereunder.

d. The balance of the DEEK Claim shall be allowed as a general unsecured claim in this Chapter 7 case, and permitted to share in any distributions made to unsecured creditors herein.[2]

e. The DEEK Claim shall remain secured as against the Property without need for any refiling or renewal of the underlying judgments securing such claims.

7. Terms of the settlement was reached by the Trustee and DEEK after i) the filing of the DEEK Claim, ii) a review of potential defenses to such claim(s), and iii) due consideration of the costs and benefits of litigation. The Trustee believes, in her business judgment, that resolution of matters pursuant to the proposed settlement with DEEK is in the best interests of this estate. Uncertainties with respect to any greater outcome in litigation, coupled with the likely

---

[2] The Trustee states that after payment of administrative expenses and priority tax claims filed herein, that it is unlikely any actual distribution to unsecured claims will be made herein.

3

costs of litigation, favor compromise and settlement of matters in dispute so that economic risks and expectations can be better quantified and controlled by the Trustee.

8.      The Trustee represents that the parties to this proposed compromise and settlement have negotiated in good faith, have reached agreement on the terms and conditions set forth in the Settlement Agreement, and that such terms and conditions are reasonable in the Trustee's best business judgment. Pursuant to Rule 9019 of the Fed. Rules of Bankr. Procedure, this Court may approve a compromise or settlement of claims or controversies upon proper notice to creditors. Rule 9019(a), Fed. Rules of Bankr. Procedure. Where terms of settlement provide tangible benefits to the estate in return for the sacrifice of uncertain claims, the court exercises proper discretion in approving such settlement. See, e.g., In re Bond, 16 F.3d 408 (4th Cir. 1994). The Trustee represents that the tangible benefits generated by the settlement with DEEK herein outweigh the uncertainty and costs of any litigation of such claims.

WHEREFORE, the Trustee prays that this Honorable Court approve the terms of the proposed settlement with DEEK as identified herein, and that the Trustee have such other and further relief as this Court may deem just.

**JANET M. MEIBURGER, TRUSTEE**
**By Counsel**

 /s/ Kevin M. O'Donnell
**Kevin M. O'Donnell**
**HENRY & O'DONNELL, P.C.**
300 N. Washington Street
Suite 204
Alexandria, VA 22314
(703) 548-2100 *telephone*
(703) 548-2105 *facsimile*
kmo@henrylaw.com
Counsel to Janet M. Meiburger, Trustee

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2017, a true copy of the foregoing pleading was mailed, postage pre-paid, to the U.S. Trustee, Debtor, Debtor's counsel, and all creditors and parties in interest as noted on the attached mailing matrix.

     /s/ Kevin M. O'Donnell
    Kevin M. O'Donnell

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 16-10548-BFK<br>Eastern District of Virginia<br>Alexandria<br>Fri Sep 22 13:32:11 EDT 2017 | Barklays Bank of Delaware<br>125 S. West Street<br>Wilmington, DE 19801-5014 | Jonathan Robert Bronley<br>Bronely Law, PLLC<br>10387 Main Street, Suite 201<br>Fairfax, VA 22030-2453 |
| Burke & Herbert Bank & Trust Company<br>c/o Blankingship & Keith, P.C.<br>4020 University Drive, Suite 300<br>Fairfax, VA 22030-6802 | Burke & Herbert Bank & Trust Company<br>100 S. Fairfax Street<br>Alexandria, VA 22314-3383 | Burke & Herbert Bank and Trust<br>100 South Fairfax Street<br>Alexandria, VA 22314-3383 |
| CITI Card<br>PO Box 9001037<br>Louisville, KY 40290-1037 | Chase<br>PO Box 1512<br>Wilmington, DE 19850-0000 | Cheryle Wintermyer<br>267 Kentlands Boulevard<br>Suite 250<br>Gaithersburg, MD 20878-5446 |
| Citibank, N.A.<br>c/o Quantum3 Group LLC<br>PO Box 280<br>Kirkland, WA  98083-0280 | Commonwealth of Virginia<br>Department of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218-2156 | DEEK Investment Limited Partnership, LP<br>C/o Union Financial Corporation<br>5510 Edson Lane<br>Rockville, MD 20852-3135 |
| DEEK Investment Limited Partnership, LP<br>c/o Roth Jackson<br>Attn: Joseph F. Jackson, Esq.<br>8200 Greensboro Drive, Suite 820<br>McLean, Virginia 22102-4925 | Michael H. Doherty<br>4010 University Drive<br>Suite 102<br>Fairfax, VA 22030-6805 | Andrew S. Goldstein<br>Magee Goldstein Lasky & Sayers, PC<br>PO Office Box 404<br>Roanoke, VA 24003-0404 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Joseph F. Jackson<br>Roth Jackson Gibbons Condlin, PLC<br>8200 Greensboro Drive, Suite 820<br>McLean, VA 22102-4925 | Joyce D'Avanzo<br>1727 Dogwood Drive<br>Alexandria, VA 22302-2300 |
| Richard J. Link<br>Karpel & Link<br>200-A Monroe Street<br>Suite 330<br>Rockville, MD 20850-4422 | M. Christine Maggard<br>Brock & Scott, PLLC<br>484 Viking Drive, Suite 203<br>Virginia Beach, VA 23452-7321 | Janet M. Meiburger<br>The Meiburger Law Firm, P.C.<br>1493 Chain Bridge Road, Suite 201<br>McLean, VA 22101-5726 |
| James R. Meizanis<br>Blankingship & Keith, PC<br>4020 University Drive<br>Suite 300<br>Fairfax, VA 22030-6802 | Michael H. Doherty, Administrator CTA dbn fo<br>c/o Jonathan R. Bronley, Esq.<br>10387 Main Street, Suite 201<br>Fairfax, Virginia 22030-2453 | Michael H. Doherty,Curator<br>10387 Main Street<br>Suite 201<br>Fairfax, VA 22030-2453 |
| Richard Murray<br>1727 Dogwood Drive<br>Alexandria, VA 22302-2300 | John J. O'Donnell Jr.<br>601 King St. Suite 400<br>Alexandria, VA 22314-3151 | Kevin M. O'Donnell<br>Henry & O'Donnell, P.C.<br>300 N. Washington St.<br>Suite 204<br>Alexandria, VA 22314-2530 |
| Regents Mortgage Company<br>PO Box 18001<br>Hattiesburg, MS 39404-8001 | Regions Bank dba Regions Mortgage<br>PO Box 1860<br>Memphis TN 38101-1860 | Judy A. Robbins 11<br>Office of the U.S. Trustee - Region 4<br>115 South Union Street, Room 210<br>Alexandria, VA 22314-3361 |

| | | |
|---|---|---|
| Kermit A. Rosenberg<br>Bailey & Ehrenberg PLLC<br>1015 18th Street, NW<br>Suite 204<br>Washington, DC 20036-5217 | Tyler, Bartl, Ramsdell & Count, PLC<br>300 North Washington Street, Ste. 202<br>Alexandria, VA 22314-2530 | UST smg Alexandria<br>Office of the U. S. Trustee<br>115 South Union Street, Suite 210<br>Alexandria, VA 22314-3361 |
| (p)VIRGINIA DEPARTMENT OF TAXATION<br>P O BOX 2156<br>RICHMOND VA 23218-2156 | WFDS/WDS<br>PO Box 1697<br>Winterville, NC 28590-1697 | Wells Fargo<br>PO Box 17900<br>Denver, CO 80217-0900 |
| Wells Fargo Bank, N.A., dba Wells Fargo Deal<br> 1451 Thomas Langston Road<br>Winterville, NC 28590-8872 | Cheryle Wintermyer<br>C/o Goodwin Weber PLLC<br>267 Kentlands Blvd, Suite 250<br>Gaithersburg, MD 20878-5446 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Virginia Dept of Taxation
PO Box 1115
Richmond, VA 23218-0000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Kevin M. O'Donnell<br>Henry & O'Donnell, P.C.<br>300 N. Washington Street<br>Suite 204<br>Alexandria, VA 22314-2530 | (u)Regions Mortgage | End of Label Matrix<br>Mailable recipients    37<br>Bypassed recipients     2<br>Total                  39 |